IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Lonnie Boston,

    Plaintiff,

v.

Nationstar Mortgage, *et al.*,

    Defendants.

Case No: 2:18-cv-283

Judge Graham

Magistrate Judge Vascura

<u>Opinion and Order</u>

Plaintiff Lonnie Boston, proceeding *pro se*, filed this lawsuit on April 2, 2018 seeking injunctive relief to enjoin an April 4, 2018 sheriff's sale of Boston's foreclosed home. The complaint names as defendants Nationstar Mortgage, the Franklin County Sheriff and Bethany Suttinger, an attorney with the law firm of Lerner Sampson & Rothfuss. Defendants have not been served with the complaint, and the court construes the requested relief as a motion for a temporary restraining order under Federal Rule of Civil Procedure 65(b).

The complaint alleges that the Franklin County Court of Common Pleas "entered a Decree of Foreclosure without serving an indispensable party." The complaint further alleges that "proper notice of the alleged foreclosure" was not given and that there was a failure "to validate the debt." According to the complaint, the foreclosure proceeding is "fraudulent." The complaint purports to assert claims under the Real Estate Settlement Procedures Act, Fair Debt Collection Practices Act and Truth in Lending Act.

In determining whether to grant or deny a temporary restraining order, the court considers four factors: "(1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction." <u>City of Pontiac Retired Emps. Ass'n v. Schimmel</u>, 751 F.3d 427, 430 (6th Cir. 2014) (per curiam) (en banc) (internal quotation marks omitted).

The court finds from the sparse factual allegations in the complaint that a temporary restraining order should not be granted because there is no likelihood of success on the merits. The complaint attacks the validity of the state court proceedings. And on that basis, the complaint seeks

to enjoin the sheriff's sale. Under the Rooker-Feldman doctrine, this court cannot exercise jurisdiction over the aspect of the complaint seeking to enjoin the sheriff's sale. See Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 283 (2005) (discussing Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983) and stating that the doctrine precludes a federal district court from entertaining "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."). Where, as here, the alleged source of the plaintiff's injury is the state court decision, Rooker-Feldman prevents the federal district court from exercising jurisdiction. McCormick v. Braverman, 451 F.3d 382, 393 (6th Cir. 2006).

Accordingly, plaintiff's motion for a temporary restraining order is DENIED.

s/ James L. Graham<br>
JAMES L. GRAHAM<br>
United States District Judge

DATE: April 3, 2018