UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


LONNIE BOSTON,

    Plaintiff,

                                       Civil Action 2:18-cv-283
                                       Judge James L. Graham
    v.                               Magistrate Judge Chelsey M. Vascura


NATIONSTAR MORTGAGE, *et al.*,

    Defendants.


## ORDER and REPORT AND RECOMMENDATION

Plaintiff, Lonnie Boston, who is proceeding without the assistance of counsel, brings this action against Nationstar Mortgage; the Franklin County Sheriff; and Bethany Suttinger, an attorney with the law firm of Lerner Sampson & Rothfuss. As this Court observed in its April 3 Opinion and Order denying Plaintiff's motion for a temporary restraining order, Plaintiff alleges that the Franklin County Court of Common Pleas "entered a Decree of Foreclosure without serving an indispensable party;" that "proper notice of the alleged foreclosure" was not given; and that there was a failure "to validate the debt." (ECF No. 2.) Plaintiff purports to assert claims under the Truth in Lending Act ("TILA"), the Fair Debt Collection Practices Act (the "FDCPA"), and the Real Estate Settlement Procedures Act ("RESPA"). This matter is before the Court for consideration of Plaintiff's Motion for Leave to Proceed *In Forma Pauperis*, which is **GRANTED**. (ECF No. 1.) Accordingly, it is **ORDERED** that judicial officers who render services in this action shall do so as if the costs had been prepaid.

This matter is also before the Court for the initial screen of Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Having performed the initial screen, for the reasons that follow and those set forth in this Court's April 3 Opinion and Order, which the undersigned incorporates by reference, it is **RECOMMENDED** that the Court **DISMISS** this action for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## I.

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)[1], which provides in pertinent part as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
>   \*   \*   \*
>
>   (B) the action or appeal--
>
>    (i) is frivolous or malicious;
>
>    (ii) fails to state a claim on which relief may be granted; or . . . .

---
[1] Formerly 28 U.S.C. § 1915(d).

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

When the face of the complaint provides no basis for federal jurisdiction, the Court may dismiss an action as frivolous and for lack of subject matter jurisdiction under both 28 U.S.C. § 1915(e)(2)(B) and Fed. R. Civ. P. 12(h)(3). *Williams v. Cincy Urban Apts.*, No. 1:10-cv-153, 2010 WL 883846, at *2 n.1 (S.D. Ohio Mar. 9, 2010) (citing *Carlock v. Williams*, 182 F.3d 916, 1999 WL 454880, at *2 (6th Cir. June 22, 1999) (table)).

Further, to properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd.*, *P'Ship v. Flagstar Bank*, *F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a

3

complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

## II.

Plaintiff seeks only equitable relief. (*See* ECF No. 1-1.) Plaintiff's allegations in support of the causes of action identified in the Complaint are as follows in their entirety:

> On or about October 29, 2014, The Franklin County Court Civil Division entered a Decree of Foreclosure without serving an indispensable party.
>
> Defendant[s'] failed to give proper notice of the alleged foreclosure, failed to join an indispensable party who is a fee simple title holder[,] failed to validate the debt as required via RESPA.
>
> Defendant Nationstar filed [their] own motion to vacate the judgement [sic] and the Franklin County Court failed to response [sic] to the motion to vacate. Defendant[s] continue to proceed with a fraudulent foreclosure sale of Plaintiff's property, when they have knowledge of the violations.

(ECF No. 1.)

4

This Court concluded in its April 3 Opinion and Order that the *Rooker –Feldman* doctrine prevents this Court from exercising jurisdiction over the subject matter of Plaintiff's claims for equitable relief. (*See* ECF No. 2.) Moreover, Plaintiff's allegations do not state a claim under any of the three federal statutes that Plaintiff cites.

### A. TILA

TILA "provides statutory penalties for failure to make certain disclosures required under the statute." *Thielen v. GMAC Mortg. Corp.*, 671 F. Supp. 2d 947, 953 (E.D. Mich. 2009). "One of the primary purposes of TILA is 'to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit.'" *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002) (quoting 15 U.S.C. § 1601(a)). None of Plaintiff's allegations in this action relate to the disclosure of credit terms. Accordingly, the Complaint does not raise a claim under TILA upon which this Court may grant relief.

### B. FDCPA

The FDCPA prohibits debt collectors, as defined in 15 U.S.C. § 1692a(6), from making any of a number of enumerated false representations or threats in connection with the collection of a debt. 15 U.S.C. § 1692e. Plaintiff has neither alleged that any of the Defendants are debt collectors, as defined in § 1692a(6), nor alleged that any of the Defendants made one of the false representations or threats enumerated in § 1692e. Accordingly, the Complaint does not raise a claim under the FDCPA upon which this Court may grant relief. *See Wallace v. Washington Mut. Bank, F.A.*, 683 F.3d 323, 326 (6th Cir. 2012) (claim under FDCPA requires that defendant must be debt collector and must have violated one on the prohibitions of § 1692e).

### C. RESPA

RESPA requires (a) mortgagees to make certain disclosures to mortgage loan applicants, (b) loan servicers to provide certain notices to borrowers, and (c) loan servicers to provide responses to certain borrower inquiries. *See* 12 U.S.C. § 2605. Plaintiff alleges, specifically, that Defendants violated RESPA by failing to give proper notice of the alleged foreclosure, failing to join an indispensable party who is a fee simple title holder, and failing to validate the debt.

The undersigned first observes that Plaintiff has not alleged that either the Franklin County Sheriff or Bethany Suttinger is a mortgage lender or a loan servicer. On the basis of Plaintiff's allegations, therefore, neither the Sheriff nor Ms. Suttinger is subject to liability under RESPA. They are entitled to the dismissal of Plaintiff's RESPA claim against them.

The undersigned also observes that Plaintiff has not alleged that Nationstar Mortgage failed to make required disclosures at the time of the mortgage application or failed to respond to a borrower inquiry as required by RESPA. Plaintiff's claim must, therefore, be that Nationwide Mortgage failed to provide a required notice to a borrower, in this case, Plaintiff. On the basis of Plaintiff's allegations, construed liberally, the undersigned concludes that Plaintiff's RESPA claim against Nationstar Mortgage is based on its alleged failure to notify Plaintiff of the foreclosure and to validate the debt. This conclusion rests on an assumption that Nationstar Mortgage is the loan servicer for the mortgage to which the foreclosure is connected; Plaintiff has not alleged as much. In any event, Plaintiff has not stated a RESPA claim against Nationstar Mortgage on which this Court may grant relief.

RESPA does not require a loan servicer to validate a debt absent a "qualified written request" from a borrower. *See* 12 U.S.C. § 2605(e)(1)(A). The Complaint does not include an

6

allegation that Plaintiff made a qualified written request or that Nationstar Mortgage ignored a qualified written request. Accordingly, Plaintiff has not alleged a RESPA violation on the basis of the alleged failure to validate a debt.

RESPA does not require a specific notice of foreclosure. Regulations promulgated under the authority of RESPA require loan servicers to provide certain notices to delinquent borrowers, but those notices do not include notice of foreclosure. *See* 12 C.F.R. § 1024.39(b). Plaintiff has not alleged a RESPA violation on the basis of Nationstar Mortgage's alleged failure to provide notice of foreclosure.

## III.

For those reasons and the reasons set forth in the Court's April 3 Opinion and Order, it is **RECOMMENDED** that the Court **DISMISS** this action pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

  /s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE